UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** § § § § | | |
| **Plaintiff,** § § § | | |
| **v.** § § § § § § | **CIVIL ACTION NO. _____** | |
| **AGGIELAND ANIMAL HEALTH CLINIC, P.C.,** § § § § | **JURY TRIAL DEMANDED** | |
| **Defendant.** § | | |

**ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**NATURE OF THE ACTION**

This is an action brought under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Tesia Nelson ("Ms. Nelson"), who was subjected to unequal

- 1 -

terms and conditions of employment and constructively discharged by her former employer, Aggieland Animal Health Clinic, P.C., because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in this Court under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3). The unlawful actions which are the subject of the instant lawsuit occurred within the jurisdiction of this Court.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant, Aggieland Animal Health Clinic, P.C. ("Defendant" or the "Employer"), is a veterinary clinic, hospital and pet resort located in College Station, Texas. At all relevant times, Defendant has been a corporation organized under the laws of, and doing business in, the State of Texas, and at all times relevant, has employed at least fifteen (15) employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.      The registered agent for service of process is Barbara Hannes, 100 Graham Road, College Station, Texas. For purposes of this lawsuit, however, counsel for Defendant, Carla Cotropia with Mills Shirley, L.L.P., 1201 Main Street, Ste. 1950, Houston, Texas 77002, has represented that she is authorized to and will accept service of the lawsuit on behalf of Defendant.

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Ms. Nelson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least 2006, Defendant has engaged in unlawful employment practices at its College Station, Texas, facility, in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(k) and 2000e-2(a)(1).

9.      Ms. Nelson began working for Defendant in 2003. During her employment, Ms. Nelson was promoted to the position of Veterinary Technician.

10.     On or about June 23, 2006, Ms. Nelson informed Defendant's veterinarian co-owners that she was pregnant. Only three days later, on or about June 26, 2006, Defendant began modifying Ms. Nelson's job duties to eliminate exposure to certain aspects of the veterinary practice despite the fact that Ms. Nelson's doctors had not placed her on any workplace restrictions and she had not requested any changes in her assignments or duties.

11.     On or about June 29, 2006, without notice or any input by Ms. Nelson, Defendant reclassified her from a salaried employee to an hourly employee. Soon thereafter, Defendant accelerated the repayment of veterinary bills owed by Ms. Nelson under a payment plan, ostensibly because of the changes made to Ms. Nelson's employment status by Defendant.

12. In early July 2006, Defendant restricted Ms. Nelson's work hours to fewer than 35 per week, which greatly reduced Ms. Nelson's monthly wages and rendered her ineligible for company-supported health insurance benefits.

13. Throughout her pregnancy, Ms. Nelson continued to competently perform the duties of her job, but was nonetheless disciplined by the Employer and informed that her job was in jeopardy if she missed work or otherwise could not perform the duties of her job due to her pregnancy.

14. On or about July 10, 2006, Defendant presented Ms. Nelson with forms she was required to sign, including a written job warning and a change of status request form which incorrectly stated that Ms. Nelson had requested that her job status be changed. Defendant refused to allow Ms. Nelson adequate time to review the documents, but rather insisted that she sign the documents before leaving the office. Ms. Nelson could no longer tolerate the harassing and discriminatory working conditions and was compelled to resign her employment.

15. Under Section 701(k) of Title VII, to discriminate against an individual "because of sex" is defined to include discriminating because of, or on the basis of, pregnancy. 42 U.S.C. § 2000e(k).

16. Defendant's actions made Ms. Nelson's working conditions so intolerable that she felt compelled to resign. The unlawful employment practices by Defendant complained of herein deprived Ms. Nelson of equal employment opportunities and otherwise adversely affected her status as an employee because of her sex and, more particularly, because of her pregnancy, in violation of Title VII.

17. The unlawful employment practices complained of herein were intentional.

18. Defendant committed the unlawful employment practices complained of herein with malice or with reckless indifference to the federally protected rights of Ms. Nelson.

**V.**

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in terminating employees because of their pregnancy and any other employment practice which discriminates on the basis of sex and/or pregnancy;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to annual training of all supervisors and managers concerning pregnancy discrimination laws, and the development of effective policies to prevent pregnancy discrimination;

C. Order Defendant to make Ms. Nelson whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or if reinstatement is impractical, front pay;

D. Order Defendant to make Ms. Nelson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described

above, including but not limited to relocation expenses, job search expenses, and medical expenses, in amounts to be determined in the course of the proceedings;

E. Order Defendant to make Ms. Nelson whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined in the course of the proceedings;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

G. Award the Commission its costs of this action; and

H. Grant any and all other relief, legal or equitable, which the Court deems necessary and proper in the public interest.

## VII.

## JURY TRIAL DEMAND

The Commission requests a jury on all questions of fact raised in the instant Complaint.

Respectfully submitted,

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel


        /s/ Connie K. Wilhite
        **CONNIE K. WILHITE**
        Trial Attorney
        Attorney-in-Charge
        Texas Bar No. 00792916
        Southern Dist. of Texas No. 23634

        Houston District Office
        1919 Smith Street
        Houston, Texas 77002-8049
        Tel:   (713) 209- 3390
        Fax:   (713) 209-3402
        email: connie.wilhite@eeoc.gov

        **COUNSEL FOR PLAINTIFF,**
        **U.S. EQUAL EMPLOYMENT**
        **OPPORTUNITY COMMISSION**


OF COUNSEL:

**JIM SACHER**
Regional Attorney

**ROSE ADEWALE-MENDES**
Supervisory Trial Attorney

U.S. Equal Employment Opportunity Commission
Houston District Office
1919 Smith Street
Houston, Texas 77002-8049